SCHOONER MARGARET v. STEAMER C. WHITING.*

(*District Court, E. D. Pennsylvania.* September 29, 1880.)

1. ADMIRALTY—COLLISION—LIABILITY OF STEAMER—FAILURE TO WATCH MOVEMENTS OF SAILING VESSEL.—A steamer *held* liable for collision with a schooner caused by the failure of those in charge of the steamer to keep a watch on the movements of the schooner.

2. SAME—FAILURE OF SAILING VESSEL TO EXHIBIT LIGHTED TORCH— WHEN IMMATERIAL—ACT OF CONGRESS.—The failure to exhibit a lighted torch to a steamer, as provided for by section 4234 of the Revised Statutes, does not render the sailing vessel liable to damages for a collision, unless such failure tended to produce the accident.

3. SAME—OBJECT AND EFFECT OF STATUTORY PROVISION.—The object in requiring the torch is to notify approaching vessels that another is in front. If this knowledge is furnished in any other way, the office of the torch is performed and its exhibition is immaterial.

In Admiralty.

Libel by the master of the schooner Margaret against the steamer C. Whiting, to recover damages for loss by collision. The facts were as follows: Between 4 and 5 o'clock on the morning of November 2, 1877, the schooner was beating down the Delaware river against the wind and with the flood tide just making. The wind was blowing a whole-sail breeze, there was a drizzling rain, and it was commencing to storm. In tacking from side to side she had reached mid channel on her port tack, sailing close hauled, when she was run into on her port side and sunk by the steamer, which was coming up the river at the rate of about six knots per hour. The steamer was not observed from the schooner until within about 15 or 20 yards. The schooner had proper lights, but did not exhibit a lighted torch as required by section 4234 of the Revised Statutes, and had no such torch on board. The lookout on board of the steamer first discovered and reported the green light of the schooner off the steamer's starboard bow. According to the testimony of one of respondent's witnesses the schooner was then about a mile distant. The other witnesses could not fix the distance. Upon

*Prepared by Frank P. Prichard, Esq., of the Philadelphia bar.

observing the green light the wheel of the steamer was put to starboard. Shortly afterwards the red light of the schooner was seen, and then immediately both of her lights came into view a short distance off—too late to avoid a collision. It did not clearly appear from the respondent's testimony that between the time the green light was first seen and the time the red light came into view the schooner's movements were observed by or known to those on board of the steamer. On May 3, 1878, the cause was argued before the late Judge Cadwalader, who decided that each vessel was in fault, and that the damages should be borne equally. The schooner was held to be in fault for the sole reason that she had not exhibited a lighted torch. See report of the case, 6 Weekly Notes, 304. On June 7, 1878, the same judge granted a motion for a reargument, under which respondent called and examined several experts, who testified substantially that if the schooner's lights were seen from the steamer the exhibition of a lighted torch would not have aided the steamer in avoiding the collision. On September 24, 1880, the cause was reargued before Judge Butler.

*J. Warren Coulston*, for libellant. *Theodore M. Elting, Henry R. Edmunds*, and *Morton P. Henry*, for respondent.

BUTLER, D. J. This case was heard in May, 1878, by Judge Cadwalader, who then decided that each vessel was in fault, that the damages be equally divided, and the libellant recover full costs. In June following a reargument was ordered, on the application of libellant, who subsequently took further testimony touching the allegation of fault in his vessel. Excepting this testimony, the case is before me as it was presented on the former hearing. The question of fault in the respondent should not, I think, be regarded as open. No new light has been shed upon it, and the action of the court in opening the case had no reference to it. The application of the libellant was based on the finding against *him*— that the schooner was in fault; the affidavit shows this, and the additional testimony taken relates exclusively to this point. It is proper to say, however, that after a careful examination of the facts I concur fully in the former judg-

ment respecting the charge of negligence in the respondent. It was his duty to keep out of the schooner's way. He saw her light a mile off; he knew the direction of the wind, the width and character of the channel, the course the schooner must necessarily pursue,—backing from side to side,—and with this knowledge he could, and with the exercise of proper vigilance would, have kept out of her way. When her green light was first observed he knew her course was eastward, and that it must soon be reversed. If, instead of heading westward at this time, as he did, he had turned eastward, it is quite probable the collision would have been avoided. But, whether it would or not, the conclusion that he was grossly remiss in not observing the schooner's movements from the time she came in view, and that the collision might have been avoided but for this, is irresistible.

Was the schooner also in fault? She failed to exhibit a lighted torch, as provided for by section 4234 of the Revised Statutes. If this tended to produce the accident she too was in fault, otherwise she was not. The object in requiring the torch, and the only effect of exhibiting it, is to notify approaching vessels that another is in front. If this knowledge is furnished in any other way the office of the torch is performed, and its exhibition is immaterial. Here the respondent was furnished with the knowledge. He saw the green light of the schooner in ample time to enable him to keep off. The exhibition of the torch could not, therefore, have served any useful purpose. It would not have enabled the respondent to determine the schooner's course, but, by observing the green light, might possibly have left him in doubt on this important subject. The schooner cannot, therefore, be regarded as in fault. This view has the support of all the expert testimony taken, and also of the assessors, whose answers will be filed herewith. A decree will therefore be entered against the respondent for the damages sustained, with costs.